IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TIMOTHY W. CARTER,**

    **Plaintiff,**

v.  //  CIVIL ACTION NO. 1:14CV70
                      (Judge Keeley)

**NATIONAL CITY MORTGAGE, INC.,**
**n/k/a PNC Mortgage, Inc.,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REMAND [DKT. NO. 4] AND
DENYING MOTION TO CHANGE VENUE [DKT. NO. 8]**

Pending before the Court is the motion to remand (Dkt. No. 4), filed by the plaintiff, Timothy W. Carter ("Carter"), and the motion to change venue (Dkt. No. 8), filed by the defendant, PNC Bank, N.A. ("PNC"). For the following reasons, the Court **DENIES** both motions.

### I. BACKGROUND

On February 20, 2009, Carter and his wife closed on a $186,631 mortgage loan through Shenandoah Mortgage, LLC in order to purchase a home in Martinsburg, West Virginia. On the same day, PNC acquired the servicing rights to the loan. After making the monthly payments on the loan to PNC for over two years, Carter was laid off from his construction job in late 2011. Consequently, in

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
## REMAND AND DENYING MOTION TO CHANGE VENUE

February 2012, Carter fell two months behind in his mortgage payments. Although able to resume payments once he began receiving unemployment benefits, Carter was never able to bring them current.

Eventually, Carter contacted PNC to inquire regarding loss mitigation alternatives to foreclosure. Allegedly, PNC advised Carter to stop making payments until he received a repayment plan, and told him to submit his financial information. Carter submitted his paperwork to PNC in May 2013. Two months later, when he regained stable employment, he updated his information. Although PNC received the updated information, it required Carter to resubmit his paperwork and repeatedly told him not to make payments pending approval of a loss mitigation alternative plan.

On October 28, 2013, PNC denied Carter a loss mitigation alternative to foreclosure. Carter contacted the company to obtain an explanation of the denial, which he claims was never provided to him. Accordingly, in his complaint, Carter alleges that PNC acted in bad faith by delaying its review of his paperwork and ultimately denying him a loss mitigation alternative. Furthermore, Carter alleges that the instructions of PNC that he not make payments prolonged and worsened his indebtedness.

Around the same time Carter submitted his initial loss mitigation alternative paperwork to PNC in May 2013, he also filed

a petition for bankruptcy. On August 27, 2013, the bankruptcy court granted him a discharge of indebtedness. On January 16, 2014, the same court granted PNC's motion for relief from the automatic stay as to PNC's interest in Carter's house. Accordingly, PNC scheduled a foreclosure sale for March 18, 2014, which it canceled when Carter filed his complaint in the Circuit Court of Harrison County, West Virginia on March 17, 2014.

The complaint asserts multiple violations of W. Va. Code §§ 46A-2-127 and 46A-2-128 resulting from fraudulent, deceptive, and misleading representations, as well as unconscionable means of collection, for which Carter seeks the maximum statutory penalties, actual damages, and attorneys' fees. It also alleges negligence arising from a "special relationship" between the parties, for which he seeks equitable relief, actual damages, and attorneys' fees. As well, the complaint asserts tortious interference with contract and seeks actual and punitive damages, as well as attorneys' fees. It also claims estoppel, demanding equitable relief and actual damages. There also are claims for fraud that seek actual and punitive damages, equitable relief, and attorneys' fees, as well as an alternative allegation for breach of contract that asks the Court to enjoin foreclosure and grant equitable and declaratory relief, compensatory damages, and attorneys' fees

**CARTER V. NATIONAL CITY MORTGAGE, INC.,**    1:14CV70

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR**
**REMAND AND DENYING MOTION TO CHANGE VENUE**

PNC removed the case to this Court on April 18, 2014, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. With regard to the amount in controversy, PNC's notice of removal alleged that the amount in controversy consisted of the sum of the (I) civil penalties, (ii) attorneys' fees, (iii) punitive damages, and (iv) outstanding loan balance, an amount well in excess of the $75,000 threshold. Carter disagrees with PNC's calculation and filed a motion to remand the case to the Harrison County Circuit Court on April 24, 2014. In his motion to remand, Carter argues that the civil penalties, attorneys' fees, and punitive damages that could be awarded are too speculative to be included in the amount in controversy calculation and, further, that the Court should not include the loan balance because he is seeking only a temporary injunction on foreclosure.

## II. DISCUSSION

**A. Motion to Remand**

Among the prerequisites for diversity jurisdiction is the statutory requirement that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332. "In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party

**CARTER V. NATIONAL CITY MORTGAGE, INC.,**                          1:14CV70

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
REMAND AND DENYING MOTION TO CHANGE VENUE**

which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (quoting Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)) (alteration in original). Upon removal, the burden of alleging jurisdiction lies with the defendant. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199-200 (4th Cir. 2008). To determine whether the removing defendant has met his or her burden of alleging the requisite amount in controversy, 28 U.S.C. § 1446(c)(2) instructs district courts to apply a "preponderance of the evidence" standard.

As for the value of injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). Although Carter has not defined the object of the litigation in this case, PNC contends it includes, among other things, the outstanding loan balance, alleged to be $176,140.77. (Dkt. No. 9-8).

The District Court for the Southern District of West Virginia addressed this exact issue in Winnell v. HSBC Mortg. Srvcs., Inc., No. 2:11CV561, 2011 WL 5118805, at *2 (S.D.W. Va. Oct. 28, 2011). There, the plaintiff requested an "injunction prohibiting the Defendant from initiating foreclosure proceedings." Id. at *2. The

5

plaintiff's personal liability on the loan had been discharged through bankruptcy, leaving foreclosure as the defendant's only means of recovering the loan balance of $85,359.95. Id. The district court reasoned that because foreclosure was the only recourse available to the defendant the object of the litigation was the outstanding loan balance. Id.

This Court later distinguished Winnell in Bohigian v. Flagstar Bank, FSB, No. 1:11CV181, 2012 WL 112322, at *1 (N.D.W. Va. Jan. 12, 2012). In Bohigian, as here, the plaintiff's complaint sought to "enjoin the Defendant from taking possession or scheduling foreclosure of Plaintiff's home," and the plaintiff later argued that the injunction sought was merely temporary. Id. at *2. Although the Court acknowledged the reasonableness of a temporary, versus permanent, injunction, it distinguished Winnell on other grounds. Id. at *2-3. First, it noted that the plaintiff remained personally liable for the loan balance and had stipulated that "all of her alleged damages . . . [were] no greater than $75,000." Id. at *1. Moreover, the defendant had provided no evidence that the outstanding balance on the loan exceeded the jurisdictional threshold. Id. at *3.

Here, these distinguishing factors are not present. Carter's liability on the loan has been discharged through bankruptcy. Nor

6

**CARTER V. NATIONAL CITY MORTGAGE, INC.,**                    **1:14CV70**

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
REMAND AND DENYING MOTION TO CHANGE VENUE**

has Carter stipulated that the amount in controversy is less than the jurisdictional threshold. Furthermore, the record clearly establishes the amount of the outstanding loan balance. (Dkt. No. 9-8). For these reasons, the holding in <u>Winnell</u> is apposite, and the Court therefore concludes that the outstanding loan balance, which clearly satisfies the amount in controversy, is the object of the litigation.[1]

**B. Motion to Transfer Venue**

For removed actions, venue is governed by 28 U.S.C. § 1441(a); the general venue statute, 28 U.S.C. § 1391, does not apply. <u>Polizzi v. Cowles Magazines, Inc.</u>, 345 U.S. 663, 665 (1953); <u>see also</u> <u>Smith v. JP Morgan Chase Bank, N.A.</u>, 727 F. Supp. 2d 476, 479 (S.D.W. Va. 2010). If properly removed, a district court may transfer a case to any other district where it could have been filed pursuant to 28 U.S.C. § 1404(a). Additionally, "a plaintiff may ordinarily select his forum unless there are factors of convenience sufficiently important to the parties and the court to occasion denying him that choice." <u>Ellicott Mach. Corp. v. Modern Welding Co.</u>, 502 F.2d 178, 180 (4th Cir. 1974).

---

[1] Because the outstanding loan balance satisfies the amount in controversy, the Court does not address whether civil penalties, attorneys' fees, and punitive damages are too speculative to be included in the calculation.

**CARTER V. NATIONAL CITY MORTGAGE, INC.,**  1:14CV70

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
REMAND AND DENYING MOTION TO CHANGE VENUE**

PNC seeks to transfer this case to another division within the same district on the basis that the Martinsburg point of holding court would be a more convenient forum because the subject property is located in Martinsburg and the events giving rise to this action occurred there. PNC claims that convenience of the parties and witnesses should outweigh Carter's choice in forum. However, "unless the balance is strongly in favor of the defendant, the plaintiffs' choice of forum should rarely be disturbed." Morehead v. Barksdale, 263 F.2d 117, 119 (4th Cir. 1959).

Relying on Klay v. AXA Equitable Life Ins. Co., No. 5:08CV118, 2009 WL 36759, at *3 (N.D.W. Va. Jan. 6, 2009), and Eclipse IP, LLC v. ECCO USA, Inc., No. 5:12CV160, 2013 WL 58386675, at *4-5 (N.D.W. Va. Oct. 30, 2013), PNC urges the Court to give less weight to Carter's choice of forum because Clarksburg is not his home, and none of the events giving rise to the litigation occurred in Clarksburg. In Klay, the court disregarded the plaintiff's forum choice in West Virginia because he was a resident of Pennsylvania. Likewise, in Eclipse, the corporate plaintiff filed in the Northern District of West Virginia despite having headquarters in Florida and operations in New Hampshire. Both of these cases, however, involved a transfer not only between districts but also circuits. Here, PNC seeks to transfer to a different division within the same

8

district and the differences in litigation carry no significance. Thus, Carter's choice of forum should be afforded substantial weight.

Even though Carter lives in Martinsburg, he chose to file his case in the Circuit Court of Harrison County in Clarksburg, West Virginia. PNC then properly removed it to the Clarksburg Division of the Northern District of West Virginia. PNC has failed to demonstrate that there are factors of convenience under 28 U.S.C. § 1404(a) sufficient to overcome the weight typically given to Carter's choice in forum. Although the subject property is located in Martinsburg, this fact does not establish that Martinsburg would be a more convenient forum for PNC, a Pennsylvania corporation. Moreover, this is not a case where the defendant's choice of forum has a depth of experience with the state substantive law to be applied. Thus, the Court finds no compelling reason to disregard Carter's forum choice and transfer this case to another division within the same district.

### III. CONCLUSION

In conclusion, for all the reasons discussed, the Court **DENIES** Carter's motion to remand and **DENIES** PNC's motion to transfer venue.

**CARTER V. NATIONAL CITY MORTGAGE, INC.,** 1:14CV70

**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR
REMAND AND DENYING MOTION TO CHANGE VENUE**

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: June 24, 2014

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE